UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TODD HAWKINS, Inmate Booking No. 22723786,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANGELA KIM; RICHARD WRIGHT; JOSE VELASQUEZ; MARIA HUMES; ADAM DEVOR; TRAN HAHN,<br><br>                                    Defendants. | Case No.: 3:22-cv-1468 BTM AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES**<br><br>**[ECF No. 2]** |

   Plaintiff Christopher Todd Hawkins, currently housed at the San Diego Central Jail located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

/ / /

I.      **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

While Plaintiff has filed a Motion to Proceed IFP, he has not attached a certified copy of his Inmate Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) requires prisoners "seeking to bring a civil action . . . without prepayment of fees . . . [to] submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without these certified trust account statements, the Court cannot assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this case. *See* 28 U.S.C. § 1915(b)(1).

## II. Conclusion and Order

Accordingly, the Court:

(1) DENIES Plaintiff's Motion to Proceed IFP (ECF No. 2) and DISMISSES the action without prejudice for failure to prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a);

(2) GRANTS Plaintiff forty-five (45) days from the date this Order in which to re-open his case by either: (a) prepaying the entire $402 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, which includes a prison certificate, signed by a San Diego Central Jail trust accounting official attesting as to his trust account balances and deposits, and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

(3)     DIRECTS the Clerk of the Court to mail Plaintiff a Court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience.  If Plaintiff neither pays the $402 civil filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP with a certified copy of his 6-month trust account statements within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated:  October 13, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge